Gregory G. Paul, SBN 233060
gpaul@andersonzeigler.com
Anderson Zeigler, P.C.
50 Old Courthouse Square, Fifth Floor
Santa Rosa, CA 95404
(707) 545-4910
(707) 544-0260 (facsimile)

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

SARAH RICH,

    Plaintiff,

v.                                                                Civil Action Number:

SPARE, C.S., INC.,

    Defendant.

## COMPLAINT

Comes now the Plaintiff, Sarah Rich, by and through her counsel and for her Complaint against the above-named Defendant, state and allege as follows:

## INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") to redress Defendant's abuse of the federal minimum wage standards by failing to pay their employees including Ms. Rich.

2. This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code and related

regulations including the California Private Attorneys General Act, ("PAGA"), Cal. Wage Order No. 10-2001; Cal. Labor Code §§ 200-2699.5, (collectively, "California State Law"), for Defendant's various violations of California State Law including: (1) failure to pay employees working in California state-mandated minimum wages, (2) failure to pay employees all wages due within the time specified by law, and (3) for recordkeeping violations.

## PARTIES

3. Plaintiff, Sarah Rich, currently a resident of Pennsylvania, was employed by defendant from January of 2017 through December of 2017 and subsequent project work through 2018.

4. The putative Collective Action Members are all current or former employees who worked for Defendants at any Spare, C.S., Inc. location nationwide at any time within the last three years prior to the filing of this Complaint through the date of the final disposition of this action who did not receive minimum wages for hours worked. Rich brings this action pursuant to the FLSA and similarly situated Collective Action Members pursuant to 29 U.S.C. 216(b). Those who file a written consent will be a party to this action pursuant to 29 U.S.C. 216(b).

5. The Defendant, Spare, CS, Inc., conducts business throughout the United States including California where its corporate headquarters are located in West

Hollywood, California. At all relevant times, Defendant has employed Plaintiff and Putative Collective Action Members who engaged in commerce as required by 29 U.S.C. 206-207.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

7. This Court also has supplemental jurisdiction over Plaintiff's California State Law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative fact.

8. This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

9. The United States District Court for the Central District of California has personal jurisdiction over Defendants because Defendants do business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## STATEMENT OF FACTS

11. Plaintiff, Sarah Rich, was employed by the Defendant as a Marketing Lead/Graphic Designer from January of 2016 through December of 2016. Ms. Rich was employed on part-time project work in 2017 and 2018.

12. Based upon information and belief, the members of the marketing team were also not compensated for work performed.

13. Ms. Rich was initially hired under written contract at minimum wage of $10.00 under California law.

14. On March 29, 2016, she received a written contract entitled Pre-Funding/Founding Team Agreement identifying her position as a Graphic Designer and a market rate compensation of $52,000. She signed this agreement on April 3, 2016.

15. Plaintiff was initially scheduled to be paid on an hourly basis and pursuant to the contract dated April 3, 2017 was to be paid market rate compensation in the amount of $52,000.

16. Plaintiff and each hourly employee of Defendant typically worked forty hours per week.

17. Pursuant to the FLSA regulations, the hours worked, and compensation earned, must be determined on a work week basis.

18. Pursuant to the FLSA regulations, employees must always be paid at least minimum wage.

19. Accordingly, the Plaintiff worked at all relevant times within the applicable statute of limitations without payment of appropriate minimum wage compensation.

20. The Defendant should have records of the actual hours worked by Plaintiff which would reflect the amount of hours worked by Plaintiff for which the Defendant has failed and refused to pay minimum wage pursuant to the requirements of the Fair Labor Standards Act.

21. The Defendants have violated 29 U.S.C. §201 et seq. by failing to pay the Plaintiff minimum wage for all hours worked (40) hours for each work week.

22. This lawsuit is brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq.

23. Defendant did not accurately record for payroll purposes all time worked by their employees despite the employees' submission of weekly assignments.

## COUNT I:  FLSA

24. Plaintiff brings Count I under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

25. Named Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA

violations, Defendants' practice of failing to accurately record, and pay for, all hours worked.

26. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may be notified of the filing of this action.

27. The Named Plaintiffs and other similarly situated persons incorporate herein the allegations set forth above.

28. At all times material herein, Named Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

29. The FLSA regulates, among other things, the payment of minimum wage to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Defendants are subject to the minimum wage requirements of the FLSA because they are an enterprise engaged in interstate commerce with customers in numerous states, and their employees are engaged in commerce.

31. Defendants violated the FLSA by failing to pay minimum wages as described herein. In the course of perpetrating these unlawful practices, Defendants

also willfully failed to keep accurate records of all hours worked by their employees.

32.   Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations. None of the FLSA exemptions apply to the Named Plaintiffs or other similarly situated employees.

33.   The Named Plaintiffs and all similarly situated employees are subject to a uniform compensation policy by written contract.

34.   The Named Plaintiff and all similarly situated employees are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether their conduct was prohibited by the FLSA.

35.   Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Named Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime pay, Named Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

36. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, compensation has been unlawfully withheld by Defendants from the Named Plaintiffs and all similarly situated employees.  Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

37. The Defendants' conduct was willful within the meaning of 29 U.S.C. §255(a).

38. The Defendants' conduct was such as to permit recovery of liquidated damages.

39. The Plaintiffs for themselves, and on behalf of similarly situated employees, seeks money judgment for all work performed, but not paid, as defined and required by 28 U.S.C. §201 et seq., by themselves, and other similarly situated employees, in an amount to be determined by the trier of fact and/or the Court, together with all damages and costs as allowed by 29 U.S.C. §216 and/or under state law.

**COUNT II:**
**FAILURE TO PAY MINIMUM WAGE**
**UNDER CA LABOR CODE 1194, 1194.2**

40. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

41. Wage Order 9 section 4(A) requires every employer to ay the minimum wage established by the State of California.

42. Section 1194(a) of the Labor Code provides: "Notwithstanding any agreement to work for a lessor wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

43. Section 1194.2(a) of the Labor Code further provides: "In any action…to recover wages because of the payment of a wage claim less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon"

44. Defendant required Plaintiff to work off-the-clock. By failing to pay the minimum wage for all hours worked, Defendant violated Labor Code section 1194(a).

45. As a result of Defendant's unlawful acts, Plaintiff has been deprived of minimum wages for some of the hours she worked each week, entitling Plaintiff to recovery of liquidated damages pursuant to Labor Code section 1194.2(a).

46. Plaintiff requests liquidated damages in an amount to be determined at trial, including interest thereon, reasonable attorney's fees, and costs of suit, pursuant to Labor Code 1194 and 1194.2.

## COUNT III:
## UNFAIR COMPETITION UNDER BUS. & PROF. CODE 17200-17208

47. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

48. Plaintiff sues for her own individual interests pursuant to Business & Professional Code 17200 et seq., increasing the relevant period of limitations from three to four years.

49. Plaintiff suffered an injury-in-fact and lost money as a result of Defendant's unfair competition as alleged in the above paragraphs.

50. Defendant's by the acts and omissions alleged herein, have committed unlawful and unfair competition.

51. Defendants, by the acts and omissions alleged herein, have injured the interests if the general public in that:

    a. Defendant was unjustly enriched by unlawfully depriving Plaintiff of wages and other benefits of employment; and

    b. Other employers who have been or currently are employing workers and attempting to do so in honest compliance with applicable wage and hour laws (including laws violated by Defendant) are at an unfair competitive disadvantage as a result of Defendant's conduct.

52. Plaintiff is entitled to restitution of her wages and the economic value of benefits unlawfully denied him by Defendant in an amount to be determined at trial. In addition, Plaintiff is entitled to and seeks preliminary and permanent injunctive relief on behalf of current and future employees of Defendants.

53. Private enforcement of these rights is necessary, as no other agency has raised a claim to protect the current and former employees of Defendant. There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiff, as the burden of enforcing workforce rights is disproportionately greater than that of enforcing only Plaintiff's individual claims.

54. Injunctive Relief is proper as provided by Bus. & Prof. Code 17204.

55. Plaintiff requests relief pursuant to Bus. & Prof. Code 17200 et seq.

WHEREFORE, Plaintiff seeks:

a. A money judgment against the Defendants in an amount found appropriate by the trier of fact and/or Court, to reflect all damages allowed by 28 U.S.C. §201 et seq.;

b. A preliminary and permanent injunction pursuant to 28 U.S.C. §216 as the Court finds appropriate to prohibit the Defendant from further violating 28 U.S.C. §201 et seq.;

c. Liquidated damages and attorney's fees and costs as may be allowed by law; and

d. Any further and other relief the Court deems appropriate including interest.

**A JURY TRIAL IS DEMANDED.**

DATED:  March 28, 2019.

Respectfully submitted,

ANDERSON & ZEIGLER, P.C.

/s/ Gregory G. Paul
GREGORY G. PAUL
CA Bar No. 233060